UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

---

PETER JAHAN LEHMEYER,

    Petitioner,

v.

HENNEPIN COUNTY WORKHOUSE,
ADULT CORRECTIONAL FACILITY, and
DENNIS GILBERT,

    Respondents.

Civil No. 12-335 (RHK/JSM)

**REPORT AND RECOMMENDATION**

---

This case is before the undersigned United States Magistrate Judge on Petitioner's amended petition for a writ of habeas corpus under 28 U.S.C. § 2254. (Docket No. 6.)[1] The matter has been referred to this Court for a Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, the Court will recommend that Petitioner's habeas corpus petition be summarily dismissed pursuant to Rule 4 of The Rules Governing Section 2254 Cases In The United States District Courts.[2]

## I.   BACKGROUND

Petitioner is currently confined at an "Adult Correctional Facility" located in Hennepin County, Minnesota. He is serving a 330-day sentence that allegedly was imposed following

---

[1] Petitioner's original habeas corpus petition, (Docket No. 1), was stricken, because it was not submitted on the prescribed form, and it was substantively inadequate. (See Order dated February 13, 2012, [Docket No. 3].) Petitioner was given leave to amend, and he did so in a timely manner. Therefore, Petitioner's amended petition, (Docket No. 6), is now before the Court.

[2] Rule 4 provides that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

his 2009 drunk driving conviction in the state district court for Hennepin County.[3]

After Petitioner was convicted, he filed a direct appeal in the Minnesota Court of Appeals, claiming that his conviction should be vacated because it was predicated on a police stop that violated his Fourth Amendment rights. Petitioner's Fourth Amendment claims were rejected on the merits, and his conviction was affirmed. State v. Lehmeyer, No. A09-2104 (Minn.App. 2010), 2010 WL 3853382 (unpublished opinion), rev. denied, Dec. 22, 2010.

The present petition indicates that Petitioner has also challenged his drunk driving conviction in a state post-conviction motion that allegedly raised several grounds for relief. (Amended Petition, p. 3, §§ 10, 11.) According to Petitioner, his post-conviction motion was denied on June 24, 2011, (Id, p. 3, § 11(a)(7),(8)), and he did not seek appellate review of that ruling, (Id., p. 5, § 11(d)).

Petitioner's current habeas corpus petition lists three grounds for relief, which he has described as follows:

> (1) "As a natrualized [sic] citizen of the United States the abridgement of the privileges and immunities that deprive a person of life liberty or property without due process of law fundamentally denies the petitioners [sic] protection of the Laws as set fouth [sic] of the allegations of this petition: The said petitioner is a natrualized [sic] citizen of the United States and is to be expressly afforded and entitled to the privleges [sic] and immunities of citizens of the United States. The state shall not deprive any person of life liberty or property without due process of law to any person within its

---

[3] The amended petition indicates that Petitioner was convicted on August 25, 2009, for "Gross misdemeanor 3rd Degree D.W.I. pursuant to Minn.Stat. § 169.20.1(5)." (Amended Petition, p. 1, § 5.I) It is unclear when Petitioner was sentenced for that offense. However, it appears that some or all of Petitioner's sentence initially was suspended, and he was placed on some form of probation. Evidently, Petitioner was later found to have violated the terms of his probation, (see id., p. 1, § 5. II), and on February 11, 2011, he was sentenced to "330 days in the Hennepin County Workhouse, Adult Correctional Facility," (id., p. 1, §§ 2.(b) and 3). It is unclear when (or exactly why) Petitioner's current confinement actually began.

jurisdiction equal protections of the laws as explicitly provided in accordance with U.S. Const. amend. XIV.  The petitioners [sic] citizenship is established and evidenced by the petitioners [sic]: certificate of live birth, issued by the State of Minn, certifacte [sic] of Natralization [sic] issued by the Department of Justice, Decree of adoption issue by the MN. Dept. of Health and Vital Statistics, India Passport & Social Security issued by the Social Security Administration."

(2) "Petitioners [sic] U.S. Const. amend. XIV right to due process was violated by the states [sic] failure to submit [sic] a response of the said filing date as stipulated in the order setting Briefing on Appeal as codified under Fed. R. Civ. Proc. § 12(a)(1)(c).  In review of the register of actions of the corresponding case number indicates the state recklessly failed to submit [sic] their response by the said filling [sic] date as stipulated by the Order Briefing Schedule on Appeal in direct violation of Fed. R. Civ. Proc. § 12(a) Defenses and objectives when and How Presented that explicitly provides of the time to serve a Responsive Pleading Fed. R. Civ. Proc. § 12(c)."[4]

(3) "Petitioners [sic] U.S. Const. amend XIV right to due process was violated by the presiding magistrates [sic] action denying the petitioners [sic] motion, in the absence of a final order and show cause w/ accompanying memorandum ofc [sic] proceedings under 28 USC § 2255.  As evidenced by the corresponding register of actions of the Finding of Fact Conclusion of Law and Order, the presiding magistrate in denying the defendants [sic] § 2255 motion, failed to issue by writ an order denying the motion establishing show of cause with accompanying memorandum in accordance with the rule governing section 2255 proceedings in violation of the petitioners [sic] right to due process under the U.S. Const. Amend XIV."[5]

(Amended Petition, pp. 5-13.)

## II.   DISCUSSION

This action must be summarily dismissed because Petitioner has not presented any cognizable claim for relief.  Indeed, none of the three claims listed in the amended habeas corpus petition are even comprehensible.

---

[4] Petitioner's second ground for relief includes more "supporting facts" that are not reproduced here.  However, those additional "facts" do not provide any further clarification or illumination of Petitioner's second ground for relief.

[5] Petitioner's third ground for relief also includes more "supporting facts" that are not reproduced here; but again, the additional "facts" do not shed any more light on the claim that Petitioner is attempting to bring.

At most, Petitioner has presented only conclusory claims that his federal constitutional rights have somehow been violated. He seems to be claiming that the state courts deprived him of his right to due process under the Fourteenth Amendment, but he has not identified any specific ruling, or any specific incident or event, in any state court proceeding that supposedly violated his due process rights.[6] A federal court cannot grant relief to a state detainee who has filed a habeas corpus petition that presents only conclusory claims for relief. "In order to warrant relief... a habeas corpus petitioner must allege sufficient facts to establish a constitutional claim. <u>Mere conclusory allegations will not suffice</u>." <u>Wiggins v. Lockhart</u>, 825 F.2d 1237, 1238 (8th Cir. 1987), <u>cert</u>. <u>denied</u>, 484 U.S. 1074 (1988) (emphasis added). Because Petitioner has presented (at most) only conclusory claims for relief, his application for a writ of habeas corpus must be denied.[7]

---

[6] The Court notes that Petitioner's claims include numerous citations to federal statutes, (specifically 28 U.S.C. §§ 2253 and 2255), and the Federal Rules of Civil Procedure, (notably Fed. R. Civ. P. 12). Petitioner seems to believe that the state courts violated his constitutional right to due process by failing to abide by the federal statutes and rules that he has cited. That notion is plainly nonsensical, however, because the proceedings of the Minnesota <u>state</u> courts are not governed by these <u>federal</u> statutes and rules.

[7] Petitioner has acknowledged, (at least implicitly), that none of his current claims for relief, (whatever they might be), has been previously raised and decided in the Minnesota state appellate courts. Therefore, even if those claims were not properly dismissed for the reasons cited in the text, (i.e., because they are mostly incomprehensible, and in any event conclusory), this action would have to be summarily dismissed based on the well-settled exhaustion of state court remedies requirement. 28 U.S.C. § 2254(b). <u>See also</u> <u>O'Sullivan v. Boerckel</u>, 526 U.S. 838, 845 (1999) ("[b]ecause the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts,... state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process"). Petitioner has tried to argue that he should be excused from the exhaustion of state court remedies requirement, but those arguments – like his substantive claims for relief – are rejected.

The Court has also considered the two collateral motions that Petitioner has filed in this case – (1) a motion for "a stay of all court proceedings," (Docket No. 4), and (2) a motion to amend, (Docket No. 11). The motion for a stay order must be denied, because Petitioner has not clearly identified the proceedings that he is seeking to stay, and he has not presented any valid factual or legal grounds to enter any stay order as to any proceedings. In Petitioner's other pending motion, he seeks leave to amend his petition in order to clarify the identity of the intended Respondent(s) in this case. However, clarifying the intended Respondent(s) will not cure the defects in the current petition. Regardless of who might be named as Respondent(s), this action must be dismissed for the reasons discussed above. The Court will therefore recommend that Petitioner's motion for stay, and motion to amend, both be denied.

### III. CERTIFICATE OF APPEALABILITY

A § 2254 habeas corpus petitioner cannot appeal an adverse ruling on his petition unless he is granted a Certificate of Appealability, ("COA"). 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1). A COA cannot be granted, unless the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(3). To make such a showing, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. Daniel, 529 U.S. 473, 484 (2000).

In this case, it is extremely unlikely that any other court, including the Eighth Circuit Court of Appeals, could decide Petitioner's claims any differently than they have been decided here. Petitioner has not identified, and the Court cannot independently discern, anything novel, noteworthy or worrisome about this case that warrants appellate review. It is therefore recommended that Petitioner should <u>not</u> be granted a COA in this matter.

IV. **RECOMMENDATION**

Based upon the foregoing and all of the files, records, and proceedings herein,

**IT IS HEREBY RECOMMENDED THAT:**

1. Petitioner's amended habeas corpus petition, (Docket No. 6), be **DENIED**;

2. Petitioner's motion for a stay order, (Docket No. 4), be **DENIED**;

3. Petitioner's motion to amend, (Docket No. 11), be **DENIED**;

4. This action be summarily **DISMISSED WITH PREJUDICE**; and

5. Petitioner should **NOT** be granted a Certificate of Appealability.

Dated: March 30, 2012

*s/ Janie S. Mayeron*
JANIE S. MAYERON
United States Magistrate Judge


Under D.Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **April 13, 2012**, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.  A party may respond to the objecting party's brief within 14 days after service thereof.  All briefs filed under this rule shall be limited to 3500 words.  A judge shall make a de novo determination of those portions of the Report to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.